UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BONCIMINO,

                Plaintiff,

CV 17-06760 (VSB) (DCF)

**ANSWER TO AMENDED COMPLAINT**

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,
MAJOR MICHAEL DEMARCO, in his individual
capacity, CAPTAIN JOSEPH DIBELLO, in his
individual capacity, CAPTAIN ROBERT MIGLINO,
in his individual capacity, and SERGEANT
THOMAS RICCIARDI, in his individual capacity.

                Defendants.

---

Defendant New York State Unified Court System (UCS), by its attorney, JOHN W. MCCONNELL, in answer to the complaint:

1.      States that the allegations contained in "Introduction" contain legal conclusions to which no responses are required, except allege that plaintiff Anthony Boncimino ("Plaintiff") has been a New York State Court Officer since 2007.

2.      Denies the allegations contained in paragraphs 2 through 5 of the complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

4. Denies the allegations contained in paragraph 7 of the complaint.

5. Denies the allegations contained in paragraph 8 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 8 of the complaint that refers to the uniformity of the Worker's Compensation Board's decisions.

6. Denies the allegations contained in paragraphs 9 through 14 of the complaint.

7. The allegations contained in paragraphs 15 and 16 of the complaint are legal theories to which no responses are required and which are referred to the Court for determination.

8. Denies the allegations contained in paragraphs 17 and 18 of the complaint.

9. The allegations contained in paragraph 19 are legal conclusions to which no responses are required and which are referred to the Court for determination and this Court is referred to the Eleventh Amendment of the United States Constitution for its contents; to the extent that responses are required, UCS denies the allegations contained therein.

10. The allegations contained in paragraph 20 of the complaint contain legal conclusions to which no responses are required and which are referred to the Court for determination; to the extent that a response is required, UCS denies the allegations contained therein.

11. The allegations contained in paragraphs 21 through 24 contain legal conclusions to which no responses are required and which are referred to the Court for determination, and this Court is referred to the statutes and laws cited therein for their contents; to the extent that responses are otherwise required, UCS denies the allegations contained therein.

12. Denies the allegations contained in paragraphs 25 through 27 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28 and 29 of the complaint.

14. The allegations contained in paragraphs 30 through 33 of the complaint are legal theories to which no responses are required and which are referred to the Court for determination.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the complaint, except admits that plaintiff is a resident of the State of New York, and employed as a New York State Court Officer.

16. Denies the allegations contained in paragraph 35 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

18. Denies the allegations contained in paragraph 37 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 38 of the complaint.

20. Denies the allegations contained in paragraph 39 of the complaint.

21. Denies the allegations contained in paragraph 40 of the complaint, except admits that plaintiff as an employee of the UCS would be eligible for leave under the Family Medical Leave Act ("FMLA") when he meets the requirements under FMLA.

22. Denies the allegations contained in paragraph 41 of the complaint, except alleges that pursuant to Article VI of the New York State Constitution, the Unified Court System of the State of New York constitutes the judicial branch of the government of the State of New York, and that judicial powers throughout the State are exercised through judicial personnel with administrative support of the Unified Court System.

23. Admits the allegations contained in paragraph 42 of the complaint.

24. Denies the allegations contained in paragraph 43 of the complaint.

25. Denies the allegations contained in paragraph 44 of the complaint, except alleges that defendant DeMarco is a Major in the court officer title series of the UCS and that he is citywide commanding officer of the New York City Family Court, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements allegedly made by defendant DeMarco.

26. Denies the allegations contained in paragraph 45 of the complaint, except alleges that defendant Dibello is a Lieutenant in the court officer title series of the UCS and he and plaintiff are assigned to the same command, and denies knowledge or

information sufficient to form a belief as to the truth of the allegations regarding statements allegedly made by defendant Dibello.

27. Denies the allegations contained in paragraph 46 of the complaint, except alleges that defendant Miglino is a Captain in the court officer title series of the UCS and that he is a commanding officer in the courthouse where plaintiff is assigned.

28. Denies the allegations contained in paragraph 47 of the complaint, except alleges that defendant Ricciardi is a Sergeant in the court officer title series of the UCS and he and plaintiff are assigned to the same command, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements allegedly made by defendant Ricciardi.

29. Denies the allegations contained in paragraph 48 of the complaint.

30. Admits the allegations contained in paragraphs 49 through 52 of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint.

32. Denies the allegations contained in paragraph 54 of the complaint, except admits that plaintiff was transferred to the Bronx Family Court in or about 2009.

33. Denies the allegations contained in paragraph 55 of the complaint.

34. Denies the allegations contained in paragraph 56 of the complaint, except admits that plaintiff was assigned to the Bronx Family Court.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the complaint, except admits that plaintiff was promoted to the title of New York State Court Officer (JG18) and at the time he was assigned to Bronx Family Court.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 58 through 63 of the complaint, except alleges that the Bronx Family Court is a busy court and that some of the clerks are located on the 8th floor of the building.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 64 through 70 of the complaint, except alleges that plaintiff reported that he was injured on January 4, 2012 in a work related incident and went out on a medical leave in November 2012.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 71 through 75 of the complaint, except alleges that plaintiff submitted medical documentation indicating that he had undergone surgery of the left knee and was subsequently on Workers Compensation.

39. Admits the allegations contained in paragraph 76 of the complaint.

40. Denies knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 77 through 79 of the complaint, except alleges that the plaintiff was not entitled to Workers Compensation light duty.

41. Admits the allegations contained in paragraph 80 of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 81 through 88 of the complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the complaint, except admits that plaintiff began working in the New York County Family Court in May 2015.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 90 through 96 of the complaint.

45. Denies the allegations contained in paragraph 97 of the complaint, except alleges that plaintiff reported an injury while working on September 30, 2015.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 98 through 108 of the complaint, except admits that plaintiff went to the hospital and was accompanied by court officer Michael Augello.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 109 and 110 of the complaint, except alleges that plaintiff's medical report indicated that he suffered "tennis elbow."

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 111 through 117 of the complaint.

49. Denies the allegations contained in paragraphs 118 through 122 of the complaint, except alleges that plaintiff was deemed by his doctors to be fully disabled.

50. Denies the allegations contained in paragraph 123 of the complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 124 through 133 of the complaint, except to the extent that the allegations contained therein are alleging that he was subjected to discrimination or retaliation in any way, UCS denies those allegations.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 134 through 137 of the complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 138 through 144 of the complaint, except that to the extent the allegations contained therein are alleging discrimination and/or retaliation against plaintiff in any way, defendant UCS denies those allegations, and refers the Court to the supporting medical documentation for its contents.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 145 through 149 of the complaint, except to the extent that the allegations contained therein are alleging that UCS discriminated or retaliated against plaintiff in any way, UCS denies those allegations.

55. Denies knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 150 through 158 of the complaint, except admits that plaintiff was injured while trying to restrain a litigant and was bit on his left ring finger and admits that EMS was called to the courthouse.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 159 through 164 of the complaint, except admits that plaintiff was taken to the hospital and treated.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 165 and 166 of the complaint, except admits that plaintiff returned to the courthouse, and refers the Court to the supporting medical documentation for its contents.

58. Admits the allegations contained in paragraph 167 of the complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 168 through 176 of the complaint, except alleges on February 6, 2017 plaintiff was notified that he was cleared to return to work in a modified capacity and intermittently took FMLA. To the extent that those paragraphs allege discrimination and/or retaliation against plaintiff in any way, UCS denies those allegations.

60. Denies the allegations contained in paragraph 177 of the complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 179 through 181 of the complaint, except admits that plaintiff was transferred to Brooklyn Family Court and further alleges that to the extent those paragraphs are alleging discrimination and/or retaliation against plaintiff in any way, defendant UCS denies those allegations.

62. Denies knowledge or information as to the truth of the allegations contained in paragraphs 182 through 185 of the complaint, except admits that plaintiff was approved for FMLA.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 of the complaint, except alleges that plaintiff's doctor submitted paperwork expressing that he could not perform his duties as a court officer and refers the Court to the supporting medical documentation for its contents.

64. Denies the allegations contained in paragraph 187 of the complaint, except alleges that Della Nelson informed plaintiff that his left hip injury, that he was now complaining about, had not been reported on his aided report and had not been claimed in his Workers Compensation case therefore had not been considered by Workers Compensation and she advised plaintiff to report the injury to the State Insurance Fund for consideration.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 188 through 190 of the complaint, and refers the Court to the supporting medical documentation for its contents.

66. Denies the allegations contained in paragraph 191 of the complaint, except alleges plaintiff requested to return to work on light duty while on discretionary leave and did not qualify for Worker's Compensation light duty.

67. Denies the allegations contained in paragraph 192 of the complaint, except

alleges that plaintiff returned to work on Workers Compensation light duty.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 193 through 198 the complaint, except alleges that plaintiff worked on Workers Compensation light duty.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 199 through 206 of the complaint, except that to the extent the allegations contained therein are alleging that defendant UCS discriminated or retaliated against plaintiff in any way, defendant UCS denies those allegations.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 206 through 215 of the complaint, except to the extent that the allegations contained therein are alleging that defendant UCS discriminated or retaliated against plaintiff in any way, defendant UCS denies those allegations.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 216 of the complaint, except allege that by letter dated August 29, 2017, plaintiff was informed that the alleged August 17, 2017 incident was not considered to be Worker's Compensation related, and that plaintiff had the option of submitting the required C-3 "Employee Claim Form" directly to the New York State Worker's Compensation Board.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 217 and 218 of the complaint, except to the extent

that the allegations contained therein are alleging that defendant UCS discriminated or retaliated against plaintiff in any way, defendant UCS denies those allegations.

73. Denies the allegations contained in paragraphs 219 and 220 of the complaint.

74. As and for an answer to paragraph 221 of the complaint defendant UCS repeats and realleges each and every response contained in paragraphs 1 through 73 of this Answer as if fully set forth herein.

75. Denies the allegations contained in paragraphs 222 through 226 of the complain.

76. As and for an answer to paragraph 227 of the complaint UCS repeats and realleges each and every response contained in paragraphs 1 through 75 of this Answer as if fully set forth herein.

77. Denies the allegations contained in paragraphs 228 through 233 of the complaint, except refers the Court to the statute cited therein for its contents.

78. As and for an answer to paragraph 234 of the complaint UCS repeats and realleges each and every response contained in paragraphs 1 through 77 of this Answer as if fully set forth herein.

79. Denies the allegations contained in paragraphs 235 through 238 of the complaint.

80. As and for an answer to paragraph 239 of the complaint UCS

repeats and realleges each and every response contained in paragraphs 1 through 79 of this Answer as if fully set forth herein.

81. Denies the allegations contained in paragraphs 240 through 245 of the complaint, except refers the Court to the statute cited therein for its content.

82. As and for an answer to paragraph 246 of the complaint UCS repeats and realleges each and every response contained in paragraphs 1 through 81 of this Answer as if fully set forth herein.

83. Denies the allegations contained in paragraphs 247 through 249 of the complaint.

84. As and for an answer to paragraph 250 of the complaint UCS repeats and realleges each and every response contained in paragraphs 1 through 83 of this Answer as if fully set forth herein.

85. Denies the allegations contained in paragraphs 251 through 254 of the complaint.

86. As and for an answer to paragraph 255 of the complaint UCS repeats and realleges each and every response contained in paragraphs 1 through 85 of this Answer as if fully set forth herein.

87. Denies the allegations contained in paragraphs 256 through 258 of the complaint.

88. Denies that plaintiff is entitled to any of the findings or relief set forth in the

lettered paragraphs "I-vi" in the prayer for relief.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

89. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred in whole are in part by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

91. All of the employment decisions made by defendant and employment actions taken by defendant were made for legitimate, nondiscriminatory reasons.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

92. Defendant UCS exercised reasonable care to prevent and correct any disability discrimination, retaliation or harassing behavior and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant UCS or otherwise avoid harm.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

93. Defendant UCS is immune from suit pursuant to the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity.

WHEREFORE, the complaint should be dismissed.

Dated: New York, New York
February 16, 2018

COUNSEL'S OFFICE
New York State Office of Court Administration
Attorney for Defendant New York State Unified Court System
25 Beaver Street - 11th Floor
New York, New York 10004
(212) 428-2150

By: _____
Lisa M. Evans (LME8343)
Assistant Deputy Counsel