UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANTHONY BONCIMINO,

                                          17-Civ-6760 (VSB)

                Plaintiff,

        -against-

NEW YORK STATE UNIFIED COURT SYSTEM,
MAJOR MICHAEL DEMARCO in his individual capacity,
CAPTAIN JOSEPH DIBELLO in his individual capacity,
CAPTAIN ROBERT MIGLINO in his individual capacity,
and SERGEANT THOMAS RICCIARDI in his individual
capacity,

                Defendants.

-------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COURT OFFICERS' MOTION TO DISMISS THE AMENDED COMPLAINT

ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
<u>Attorney for Officer Defendants</u>
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8552

MICHAEL SIUDZINSKI
Assistant Attorney General
    <u>of</u> <u>Counsel</u>

TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................................................ii

Preliminary Statement........................................................................................................ 1

Statement of the Facts ........................................................................................................ 2

A.  Plaintiff's Employment with the UCS, Alleged Injuries and Medical Leaves
     of Absence................................................................................................................. 2

B.  Plaintiff's Allegations of Misconduct by the Defendant Court Officer s ................................. 3

i.    Major DeMarco's Alleged Discriminatory Acts ................................................... 4
ii.   Captain Dibello's Alleged Discriminatory Acts.................................................... 5
iii.  Sergeant Ricciardi's Alleged Discriminatory Acts .............................................. 5

ARGUMENT ...................................................................................................................... 6

POINT I        PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT
               A CAUSE OF ACTION ........................................................................... 6

A.  Plaintiff's FMLA Claim Should be Dismissed .................................................... 7
B.  Plaintiff Cannot Establish a Claim under the CHRL .......................................... 9

i.    Plaintiff Has Failed to Demonstrate that He is Disabled Under the Law ............. 10
ii.   Plaintiff Fails to Plead a Failure to Accommodate Claim.................................... 12
iii.  Plaintiff Fails to Plead a Harassment and Discrimination Claim ........................ 14
iv.   Plaintiff Fails to Plead a Retaliation Claim......................................................... 16

POINT II       THE COURT SHOULD DECLINE TO EXERCISE JURISIDICTION
               OVER PLAINTIFFS' STATE LAW CLAIMS .................................... 18

CONCLUSION .................................................................................................................. 19

## TABLE OF AUTHORITIES

CASES                                                                                     Page(s)

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................6

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53, 126 S. Ct. 2405 (2006)......................................................................7

*Camarda v. City of New York*,
   2015 WL 5458000 (E.D.N.Y. Sept. 16, 2015), aff'd sub nom. *Camarda v.*
   *Selover*, 673 F. App'x 26 (2d Cir. 2016) ..............................................................15

*Chiang v. Donahoe*,
   579 Fed. App'x 39 (2d Cir. 2014)...........................................................................7

*Clarke v. InterContinental Hotels Grp., PLC*,
   2013 WL 2358596 (S.D.N.Y. May 30, 2013) .......................................................14

*Davis v. Bowes*,
   1997 WL 655935 (S.D.N.Y. Oct. 20, 1997) .........................................................11

*Feingold v. New York*,
   366 F.3d 138 (2d Cir.2004)......................................................................................9

*Fouad v. Jeport Hotel Corp.*,
   2005 WL 1866329 (S.D.N.Y. Aug. 5, 2005))........................................................11

*Galebya v. New York City Bd. of Educ.*,
   202 F.3d 636 (2d Cir. 2000).....................................................................................8

*Halperin v. Abacus Technology Corp.*,
   128 F.3d 191 (4th Cir. 1997) ..................................................................................11

*Johnson v. Strive E. Harlem Emp't Grp.*,
   990 F. Supp. 2d (S.D.N.Y. 2014) ..........................................................................14

*Kaytor v. Elec. Boat Corp.*,
   609 F.3d 537 (2d Cir. 2010).....................................................................................8

*Kendricks v. Westhab, Inc.*,
   163 F. Supp. 2d 263 (S.D.N.Y. 2001)............................................................... 12-13

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015)..............................................................................6, 9

*McDonald v. Commonwealth of Pennsylvania*,
    62 F.3d 92 (3d Cir. 1995) ...................................................................................11

*Medina v. Bauer*,
    2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) .................................................10, 17

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
    715 F.3d 102 (2d Cir. 2013) ........................................................................... 15-16

*Nieblas-Love v. New York City Hous. Auth.*,
    165 F. Supp. 3d 51 (S.D.N.Y. 2016) ..................................................................13

*Potenza v. City of New York*,
    365 F.3d 165 (2d Cir. 2004) ...............................................................................7

*Quadir v. N.Y. State Dep't of Labor*,
    13 Civ. 3327, 2016 WL 3633406 (S.D.N.Y. June 29, 2016), aff'd, 691 F.
    App'x 674 (2d Cir. 2017) .....................................................................................8

*Rodriguez v. DeBuono*,
    44 F. Supp. 2d 601 (S.D.N.Y. 2001) ..................................................................11

*Roush v. Weastec, Inc.*,
    96 F.3d 840 (6th Cir. 1996) ...............................................................................11

*Sista v. CDC Ixis North America, Inc.*,
    445 F.3d 161 (2d Cir. 2006) ...............................................................................14

*St. Juste v. Metro Plus Health Plan*,
    8 F. Supp. 3d 287 (E.D.N.Y. 2014) .....................................................................8

*St. Mary's Honor Center v. Hicks*,
    509 U.S. 502 (1993) ............................................................................................6

*Texas Dept. of Community Affairs v. Burdine*,
    450 U.S. 248 (1981) .......................................................................................6, 10

*Tiffany v. New York State Veteran's Home*,
    2015 WL 4460968 (N.D.N.Y. July 21, 2015) ......................................................9

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) ..........................................................................................18

*Vinokur v. Sovereign Bank*,
    701 F. Supp. 2d 276 (E.D.N.Y. 2010) ...............................................................17

*Williams v. N.Y.C. Hous. Auth.*,
    61 A.D.3d 62 (1st Dep't 2009) ...........................................................................15

*Zick v. Waterfront Com'n of New York Harbor*,
   2012 WL 4785703 (S.D.N.Y. Oct. 4, 2012) ...........................................................................11

**FEDERAL STATUTES**

42 U.S.C. § 12102(1) and § 12101(2) ..........................................................................................10

28 U.S.C. § 1367(c)(3) ................................................................................................................18

Family and Medical Leave Act, 29 U.S.C.
   § 2601 *et seq.* ...........................................................................................................................1

Federal Rehabilitation Act of 1973, 29 U.S.C.
   § 791 *et seq.* ........................................................................................................................1, 10

Americans with Disabilities Act (ADA) ................................................................................. 10-11

**RULES**

Fed. R. Civ. P. 12(b) ................................................................................................................2, 6

Fed. R. Civ. P. Rule 8 ............................................................................................................10, 17

**MISCELLANEOUS AUTHORITIES**

N.Y.C. Admin. Code § 8-107 ............................................................................................. passim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTHONY BONCIMINO,

                                            17-Civ-6760 (VSB)

                  Plaintiff,

        -against-

NEW YORK STATE UNIFIED COURT SYSTEM,
MAJOR MICHAEL DEMARCO in his individual capacity,
CAPTAIN JOSEPH DIBELLO in his individual capacity,
CAPTAIN ROBERT MIGLINO in his individual capacity,
and SERGEANT THOMAS RICCIARDI in his individual
capacity,

                  Defendants.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## COURT OFFICERS' MOTION TO DISMISS THE
## AMENDED COMPLAINT

### Preliminary Statement

       Plaintiff, Anthony Boncimino, brings this action for monetary damages against the New

York State Unified Court System, and the individually named defendant Court Officers Major

Michael DeMarco, Captain Joseph Dibello, Captain Robert Miglino, and Sergeant Thomas

Ricciardi.   Plaintiff, a Court Officer and employee of the Unified Court System (hereinafter

"UCS"), alleges employment discrimination based on his alleged disability under the federal

Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. ("Rehab Act"), the New York City Human

Rights Law, N.Y.C. Admin. Code § 8-107 ("CHRL"), and the Family and Medical Leave Act, 29

U.S.C. § 2601 *et seq*. ("FMLA").

       This memorandum of law is respectfully submitted on behalf of Court Officers

DeMarco, Dibello, Miglino, and Ricciardi (collectively "Officer Defendants") in support of

their motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The motion to dismiss should be granted upon the grounds that plaintiff has failed to plead facts sufficient to support a claim under either the FMLA or the CHRL, plaintiff is not disabled within the meaning of the relevant laws, and that the Court should decline to exercise jurisdiction over plaintiff's CHRL claims if it dismisses plaintiff's FMLA claim against the Officer Defendants.

### Statement of the Facts[1]

**A.  Plaintiff's Employment with the UCS, Alleged Injuries and Medical Leaves of Absence**

According to the amended complaint, plaintiff has been employed as a Court Officer with the UCS since 2007.  *See* Compl. ¶ 51.  In or about February or March 2009, plaintiff completed a two-year probationary period and was assigned to the Bronx Family Court.  *Id.* at ¶ 54.  On January 4, 2012, plaintiff, while responding to a request for assistance by another Court Officer, injured his knee while running to the location of the incident.  *Id.* at ¶ 65.  Plaintiff did not seek medical treatment at that time.  *Id.* at ¶ 67.  He later sought treatment from orthopedists and occasionally took sick leave.  *Id.* at ¶ 69.  In November 2012, plaintiff took a leave of absence for medical reasons related to his knee and underwent surgery on December 7, 2012.  *Id.* at ¶ 72. Plaintiff received a second surgery for his knee on January 18, 2013.  *Id.* at ¶ 74.  According to the complaint, plaintiff did not return to work for over two (2) years (*id.* at ¶ 75), eventually returning to work on May 18, 2015.  *Id.* at ¶ 80.

Upon his return to work, or soon thereafter, plaintiff was assigned to the New York County Family Court.  *Id.* at ¶ 89.  On September 30, 2015, plaintiff assisted in restraining a

---

[1] For the purposes of this motion only, plaintiff's factual allegations are taken as true and set forth herein. Furthermore, the terms complaint and amended complaint are used interchangeably and, unless otherwise stated, both refer to plaintiff's operative complaint, dated January 22, 2018.

"large combative litigant." *Id.* at ¶ 97.  During the incident, plaintiff's arm was injured when the litigant and other Court Officers fell on him.  *Id.* at ¶ 98.  Plaintiff alleges that the same day, while in the Operations Offices at the courthouse, the defendants began to refer to him as "Fragilmino." *Id.* at ¶ 102.  Plaintiff then left work and went to the Emergency Room of a local hospital. *Id.* at ¶ 106.  Plaintiff was discharged from the hospital and returned to work the same day. *Id.* at ¶ 111.  The next day, plaintiff commenced a leave of absence (*id.* at ¶ 114), and did not return to work until the second week of December 2015. *Id.* at ¶ 123.

On January 17, 2017, plaintiff was injured on the job for a third time when he was trying to restrain a female litigant who refused to leave a courtroom. *Id.* at ¶¶ 150-55.  Paramedics were called and evaluated plaintiff, before taking him to a hospital in an ambulance. *Id.* at ¶¶ 158-61.  Plaintiff took a medical leave of absence from January 18 until February 7, 2017 when he returned to work on light duty. *Id.* at ¶¶ 168, 170.  On March 16, 2017, plaintiff met with Major DeMarco, at which time he learned he was being transferred to the Kings County Family Court, effective March 20, 2017. *Id.* at ¶¶ 179-80.

Two days later, on March 22, 2017, plaintiff commenced another medical leave of absence (*id.* at ¶ 182), until he returned to light duty on June 12, 2017, re-assigned to the New York County Family Court.  On information and belief, plaintiff left work sick on August 17, 2017 and has not returned since that date. *Id.* at ¶ 217.  On August 25, 2017, plaintiff submitted a note to the UCS Human Resources indicating that he was taking a three-week medical leave of absence at the direction of his therapist, but has not returned to work. *Id.* at ¶ 205.

## B.  Plaintiff's Allegations of Misconduct by the Defendant Court Officers

Plaintiff alleges seven causes of action accusing the defendants of failure to accommodate, as well as discrimination, harassment, and retaliation.  In brief, plaintiff alleges

that defendants: refused to accommodate him by placing him on light duty (versus full duty) in December 2014 (*id.* at ¶¶ 76-80) and again in October 2015 (*id.* at ¶¶ 118-22); discriminated against him by using derogatory names (*id.* at ¶¶ 97-117); retaliated against him after he returned to work in December 2015 (*id.* at ¶¶ 123-49) and again in March 2017 (*id.* at ¶¶ 179-81); and, in general, harassed him on a regular basis.  The vast majority of plaintiff's allegations of discrimination are alleged against unnamed Court Officers and employees of the UCS.

### i.    Major DeMarco's Alleged Discriminatory Acts

According to the amended complaint, plaintiff alleges that Captain Miglino told plaintiff that Major DeMarco "does not like you because you're injured."  *Id.* at ¶ 93.  Further, plaintiff alleges that DeMarco "made the decision to deny [plaintiff's] light duty request based on discriminatory and retaliatory motives."  *Id.* at ¶ 120.  On March 16, 2017, Major DeMarco told plaintiff during a meeting that "I don't need you here any more (sic).  You're not doing anything for me.  I need you to do more law enforcement work."  *Id.* at ¶ 179.  Major DeMarco then informed plaintiff that he was being transferred to the Brooklyn Family Court.  *Id.* at ¶ 180.  Plaintiff further alleges that Major DeMarco humiliated plaintiff by calling Captain Miglino and "stated in sum and substance, 'I am transferring [plaintiff] to Brooklyn.  We need officers that can work.  I am going to try to get you another officer.'"  *Id.* at ¶ 180.

Later, on June 12, 2017, plaintiff was reassigned to the Manhattan Family Court and met with Major DeMarco upon his return.  *Id.* at ¶ 193.  At that time, plaintiff alleges that Major DeMarco "demanded to know about each of [plaintiff's] doctor's visits going forward and that he stated, "I don't know how you will go to the doctor.  You have no more time left."  *Id.* at ¶ 194.

### ii.      Captain Dibello's Alleged Discriminatory Acts

Plaintiff alleges that on May 18, 2015, following plaintiff's return from his first medical leave, Captain Dibello discriminated against him by "scream[ing] at and berat[ing] him" over the phone due to problems plaintiff had with his identification card.  *Id.* at ¶ 82.  Plaintiff alleges that Captain Dibello "screamed in sum and substance, 'Fuck what he [referring to an unnamed court officer] said, I am a Lieutenant and you will list to me.'"  *Id.* at ¶ 84.  Captain Dibello allegedly further stated, "I don't like you.  You're broken."  *Id.* at ¶ 85.  He then hung up on plaintiff.  *Id.* at ¶ 86.

Around the same time, plaintiff alleges that Captain Dibello "instructed [plaintiff's] new partner to ensure that [plaintiff] 'Does all the work,' and 'Does not slack."  *Id.* at ¶ 90  Plaintiff's new partner was further instructed to tell Captain Dibello if plaintiff "failed to do his job." *Id.* Upon learning of this scrutiny plaintiff complained to Captain Miglino, who allegedly told plaintiff, " 'Defendant Dibello said you "came to us broken." ' "  *Id.* at ¶ 92.

### iii.     Sergeant Ricciardi's Alleged Discriminatory Acts

On or about February 7, 2017, upon returning to work from plaintiff's third medical leave of absence, plaintiff was called to testify before a Grand Jury in a courthouse near the Manhattan Family Court where he was assigned.  *Id.* at ¶ 172.  Plaintiff alleges that while leaving, Sergeant Ricciardi asked him, "[D]o you want me to call an ambulance to take you to testify in criminal court?"  *Id.*

Plaintiff further alleges that Sergeant Ricciardi, on August 17, 2017, "barged into [plaintiff's] office to inform him that his locker had been relocated next to a soda machine in a

different locker room."  *Id.* at ¶ 199.  Sergeant Ricciardi further "demanded to know" when

plaintiff would be on full duty rather than light.  *Id.* at ¶ 200.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT A CAUSE OF ACTION

Plaintiff's complaint should also be dismissed because he fails to state a claim upon

which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under

Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 [2007]).  "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 557).  Furthermore, although the evidentiary standards for pleading a

*prima facie* employment discrimination claim progress as litigation proceeds, the Second Circuit

has found that a plaintiff must provide a showing of at least "some minimal evidence suggesting

an inference that the employer acted with discriminatory motive" to survive a motion to dismiss.

*See Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015) (citing *Texas Dept. of

Community Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981); *St. Mary's Honor Center v. Hicks*,

509 U.S. 502, 507 (1993)).

**A.      Plaintiff's FMLA Claim Should be Dismissed**

Plaintiff, by the amended complaint, alleges a single cause of action for retaliation under the FMLA against the Officer Defendants. *See* Compl. ¶¶ 255-58. To state a claim for retaliation under the FMLA, courts apply the *McDonell Douglas* burden shifting analysis , which requires that plaintiff demonstrate that he suffered an adverse employment action. *See Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). Specifically, to make out a prima facie case, a plaintiff must establish that: 1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *See id.* For purposes of this motion, plaintiff's claim is subject to dismissal because he did not suffer an adverse employment action nor does he plead facts giving rise to an inference of retaliatory intent.

Plaintiff fails to establish that he suffered an adverse employment action. As a preliminary matter, plaintiff does not allege that he suffered from a typical adverse action such as being terminated or demoted, a diminution in pay and benefits, or had significantly diminished material responsibilities. "To rise to the level of material adversity, the employer's action must have been sufficiently severe in context to permit a trier of fact to conclude that 'a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Chiang v. Donahoe*, 579 Fed. App'x 39, 41 (2d Cir. 2014) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405 (2006) (internal quotation marks omitted). Instead, plaintiff alleges that he was transferred from the Manhattan Family Court to the Brooklyn Family Court on or about March 20, 2017, at which point he was assigned

to fingerprinting duty.  *See* Compl. ¶¶ 180-82.  Two days later, on March 22, 2017, plaintiff

commenced a new medical leave, which lasted until June 12, 2017.  *Id.* at  ¶¶ 179-85; 193.

Clearly, the transfer did not dissuade plaintiff from exercising his rights under the FMLA, and

plaintiff fails to make any allegations that would imply that a reasonable employee would

likewise be dissuaded by a transfer and assignment to fingerprinting duty.  *See Quadir v. N.Y.*

*State Dep't of Labor*, 13 Civ. 3327, 2016 WL 3633406, at *7 (S.D.N.Y. June 29, 2016), *aff'd*,

691 F. App'x 674 (2d Cir. 2017) ("[a]lthough the test is an objective one – whether a reasonable

employee in [plaintiff's] situation would have been deterred – 'it is relevant that [plaintiff]

himself was not deterred from complaining' and pursuing his accommodation claim. . . .")

      Furthermore, lateral transfers are not typically considered an adverse action, unless

accompanied by other material alterations in employment.  *See St. Juste v. Metro Plus Health*

*Plan*, 8 F. Supp. 3d 287, 327 (E.D.N.Y. 2014) (citing *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537,

555 (2d Cir. 2010)); *see also Galebya v. New York City Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir.

2000).  Plaintiff does not allege any material adversity from the transfer to Brooklyn Family

Court other than having to stand for prolonged periods.  *See* Compl. ¶ 182.  This allegation is

insufficient to support a claim of retaliation.  Indeed, according to the complaint, plaintiff was

immediately reassigned to the Manhattan Family Court upon return from the leave of absence.

*See* Compl. ¶ 193.  Accordingly, plaintiff only worked in Brooklyn for three days from March 20

to March 22, 2017.  *Id.* at ¶¶ 179-85; 193.  Therefore, plaintiff fails to plead facts sufficient to

show that he suffered an adverse action.

      Additionally, there is no inference of retaliatory intent here.  Plaintiff does not allege that

Major DeMarco, who plaintiff alleges was responsible for his transfer, ever made any comments

evincing retaliatory intent.  Indeed, the comments that plaintiff attributes to Major DeMarco (*see*

*id.* at ¶¶ 179-80) demonstrate not a retaliatory intent, but rather factual statements concerning Major DeMarco's goal in placing plaintiff in one of the limited number of light duty positions available, which was what plaintiff repeatedly sought.  Accordingly, Major DeMarco had a legitimate, non-retaliatory reason for transferring plaintiff to the Brookly

Plaintiff's FMLA claim for retaliation should be dismissed against the Officer Defendants.  While plaintiff asserts this claim against all of the Officer Defendants, plaintiff does not allege that any officer besides Major DeMarco had any involvement with the transfer at issue.[2]  As such, plaintiff's FMLA claim must be dismissed against Officers Dibello, Miglino, and Ricciardi.  As demonstrated above, plaintiff has failed to plead an FMLA claim against Major DeMarco because he has not suffered an adverse action, nor is there an indicia of retaliatory intent related to plaintiff's transfer Brooklyn.

**B.      Plaintiff Cannot Establish a Claim under the CHRL**

Plaintiff alleges three causes of action against the Officer Defendants under the CHRL: (1) failure to provide a reasonable accommodation; (2) harassment and discrimination; and (3) retaliation.  In all circumstances, to make out a claim against an individual defendant under the CHRL, a plaintiff must either show direct, personal involvement in discriminatory conduct, or that the defendant "aided and abetted" the discrimination or retaliation at issue.  *See Feingold v. New York,* 366 F.3d 138, 157–59 (2d Cir.2004).  CHRL claims follow the *McDonnel Douglas* burden-shifting paradigm.  *See Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015).  The majority of plaintiff's allegations are conclusory, asserted against the "defendants" as a

---

[2] Although plaintiff is suing the Officer Defendants in their individual capacity, plaintiff has failed to allege sufficient facts to establish that Major DeMarco or the other officers was an "employer" within the meaning of the FMLA and the claim may be dismissed for this reason.  *See Tiffany v. New York State Veteran's Home*, 2015 WL 4460968, at *11 (N.D.N.Y. July 21, 2015)

whole without identifying specific acts by specific individuals[3], and with limited exception fail to meet this minimal burden of providing at least some evidence or allegation necessary to sustain a claim even under the liberal pleading standards of the CHRL. *See id.* (citing *Texas Dept. of Community Affairs*, 450 U.S. at 253-54); *see also Medina v. Bauer*, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8").

### i.   Plaintiff Has Failed to Demonstrate that He is Disabled Under the Law

Plaintiff's claims made pursuant to the CHRL against the Officer Defendants (and under the Rehab Act against UCS) rely upon the assumption that plaintiff is disabled. The Americans with Disabilities Act defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life functions may include activities such as performing manual tasks, walking, standing, lifting, bending, as well as the operation of major bodily functions such as respiratory, circulatory, endocrine, and reproductive functions. *See id.* at 12101(2). Plaintiff, however, has failed to allege that he suffers from a permanent limitation to a major life function as defined by the ADA, and accordingly he should not be deemed disabled for purposes of sustaining a claim under the CHRL.

In contrast, plaintiff alleges only that he suffered three separate line-of-duty injuries: (1) January 4, 2012 – injury to his knee diagnosed as a torn meniscus, *see* Compl. ¶¶ 64-74; (2)

---

[3] Plaintiff's failure to identify who engaged in specific acts and instead make bald allegations against the "defendants" prevents the individual defendants from defending against these claims. Here, "defendants" includes co-defendant UCS who may be liable for the acts of its employees, despite the fact that said employees are not named as individual defendants. The individual defendants should not be required to engage in discovery to learn the entirety of what acts plaintiff accuses them of having engaged in.

September 30, 2015 – injury to his arm diagnosed as "tennis elbow," *see id.* at ¶¶ 97-98, 106-10;

and (3) January 17, 2017 – laceration from being bitten and injury to his knee, hip, and lower

back, *see id.* at ¶¶ 150-57, 164-66.  In each instance, plaintiff was granted a medical leave under

the FMLA and returned to work after a period of a few weeks (Injury #3), a few months (Injury

#2), and over two years (Injury #1).  The courts of this circuit and others have consistently found

that temporary disabilities do not trigger the protections of the ADA because such individuals are

not disabled within the meaning of the act.  *See Zick v. Waterfront Com'n of New York Harbor*,

2012 WL 4785703, at *4 (S.D.N.Y. Oct. 4, 2012) (dismissing ADA claim on motion to dismiss

where the plaintiff failed to allege that the injury was more than temporary and citing *Fouad v.

Jeport Hotel Corp.* 2005 WL 1866329, at *2 (S.D.N.Y. Aug. 5, 2005)); *see also Rodriguez v.

DeBuono*, 44 F. Supp. 2d 601, 617 (S.D.N.Y. 2001) (finding that broken legs and broken hips are

not necessarily considered a disability unless "the [injury] heals improperly, resulting in long-

term difficulty."); *Davis v. Bowes*, 1997 WL 655935 (S.D.N.Y. Oct. 20, 1997) (plaintiff who

suffered back injury resulting in six months absence not disabled under ADA because she fully

recovered); *Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 199 (4th Cir. 1997) (ADA

"does not include temporary medical conditions, even if those conditions require extended leaves

of absence from work"); *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir. 1996) (kidney

obstruction requiring multiple operations and long absences from work not considered disability

because of subsequent recovery); *McDonald v. Commonwealth of Pennsylvania*, 62 F.3d 92, 95

(3d Cir. 1995) (plaintiff who required surgery and two month absence not considered disabled).

Plaintiff fails to allege in his amended complaint that he has suffered limitations to major

life functions from any of his three injuries.  As demonstrated above, plaintiff's failure to allege

that his injuries have caused a limitation to a major life function is sufficient for the Court to

dismiss plaintiff's claims, which require that he be disabled under the meaning of the law. *See Kendricks v. Westhab, Inc.*, 163 F. Supp. 2d 263, 269-70 (S.D.N.Y. 2001) (dismissing plaintiff's claim for failure to provide a reasonable accommodation where plaintiff failed to demonstrate that he was disabled, that his employer was of aware plaintiff's disability, and that granting a leave of absence is a reasonable accommodation under the law). Accordingly, plaintiff's claims under the CHRL should be dismissed because plaintiff has failed to demonstrate that he is part of a protected class as defined under the law.

    **ii.**    **Plaintiff Fails to Plead a Failure to Accommodate Claim**

    Plaintiff alleges two separate instances in which the defendants purportedly failed to provide him with a reasonable accommodation, *i.e.* assignment to light duty. *See* Compl. ¶¶ 76-80 (December 2014), 118-22 (October 2015).

    With respect to the December 2014 failure to accommodate claim, plaintiff does not plead that any of the Officer Defendants had personal involvement in that decision-making process (*see* Compl. ¶¶ 76-80), Accordingly, that claim should be dismissed against the Officer Defendants.

    Nor does plaintiff allege that Officers Dibello, Miglino, or Ricciardi had any involvement in the determination in October 2015 to deny plaintiff's return to work on light duty. As such, plaintiff's accommodation claim should be dismissed against those Officer Defendants. With respect to Officer DeMarco, plaintiff's allegations concerning the October 2015 determination are conclusory and insufficient to sustain plaintiff's claim. In support of his claim, plaintiff merely alleges: "Defendant DeMarco, among others, made the decision to deny Officer Boncimino's light duty request based on discriminatory and retaliatory motives." *See id.* at ¶ 120. Plaintiff provides no further allegations to support this claim. He fails to provide any

context as to form of his request for an accommodation, what documentation, if any, he provided, any communications concerning his request, or even the manner in which the Major DeMarco allegedly denied his request.  Similarly, plaintiff fails to plead any facts demonstrating a discriminatory intent on the part of Officer DeMarco sufficient to meet his burden here.

Additionally, plaintiff has not met the pleading requirements for a failure to accommodate claim.  A claim for failure to provide a reasonable accommodation is demonstrated by showing that (1) plaintiff is a person with a disability under the meaning of the relevant statute; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.  *See Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 73 (S.D.N.Y. 2016).  As demonstrated above, plaintiff is not disabled under the meaning of the law.  Even assuming, *arguendo*, that plaintiff suffers from a limitation to a major life function, plaintiff further fails to allege that Major DeMarco, or any of the other Officer Defendants, were put on notice of said disability.  Knowledge of plaintiff's injuries is not the same as knowledge of an alleged disability.  *See Kendricks.* 163 F. Supp. at 269.

Plaintiff also fails to plead any facts to demonstrate that he could perform the essential duties of his job with an accommodation at the time of his December 2015 request.  Plaintiff alleges that he "severely injured his arm" on the job when a litigant and other court officers fell on top of him resulting in swelling to his arm and requiring ongoing treatment.  *See* Compl. ¶¶ 97-98, 109-11.  Accordingly, the appropriate inference here is that plaintiff could not perform the essential duties of his job at that time, with or without an accommodation.  Lastly, plaintiff alleges in a conclusory manner that the defendants denied granting his request to return on light duty.  As demonstrated above, it is unclear from plaintiff's allegations what role, if any, Major

DeMarco or any other Officer Defendant had in reviewing his request.  Without such allegations, plaintiff's claim fails as a matter of law.[4]

Given that plaintiff returned to work in December 2015 without further complications from the relevant injury, and did not later request a reasonable accommodation, plaintiff has failed to sufficiently plead that defendants knowingly refused to provide him with a reasonable accommodation.  For all of the reasons stated above, plaintiff has failed to plead a claim for failure to provide a reasonable accommodation and the Court should dismiss the claim against the Officer Defendants.

### iii.     Plaintiff Fails to Plead a Harassment and Discrimination Claim

To plead a claim of discrimination under the CHRL[5] a plaintiff must demonstrate unequal treatment based upon membership in a protected class or trait.  *See Johnson*, 990 F. Supp. 2d at 445.  Plaintiff's allegations against Major DeMarco, Captain Dibello, and Sergeant Ricciardi are insufficient to support such a claim.  Although plaintiff repeatedly alleges that various individuals employed by OCA engaged in name-calling, posting pictures of plaintiff, and mocking plaintiff for his injuries, the amended complaint is notable in that plaintiff fails to allege that these officers ever engaged in such behavior.  Instead plaintiff relies on quoting the individual defendants in capital letters and bold print to give the impression that his allegations are more than merely inflammatory or impolite.

Plaintiff's specific allegations against Major DeMarco consist of hearsay statements and statements allegedly said by Major DeMarco that are not, on their face, discriminatory nor

---

[4] Let it be noted that pursuant to the FMLA, forced leave is not a violation of an employee's rights and an employer can impose restrictions on an employee before being allowed to return to work.  *See Sista v. CDC Ixis North America, Inc.*, 445 F.3d 161, 175 (2d Cir. 2006).  Plaintiff provides no support for his argument that the defendants were obligated to grant his request under the FMLA nor the CHRL.

[5] There are no separate standards for discrimination, harassment, and hostile work environment under the CHRL. *See Johnson v. Strive E. Harlem Emp't Grp.*, 990 F. Supp. 2d, 435, 445 (S.D.N.Y. 2014) (citing *Clarke v. InterContinental Hotels Grp., PLC*, 2013 WL 2358596, at *11 (S.D.N.Y. May 30, 2013).

provide an inference of discriminatory intent.  For example, plaintiff's claim that Major

DeMarco called Captain Miglino and "stated in sum and substance, 'I am transferring [plaintiff]

to Brooklyn.  We need officers that can work.  I am going to try to get you another officer'" is

unavailing.  *See id.* at ¶ 180.  This comment, along with the alleged comment from March 16,

2017 ("I don't need you here any more (sic).  You're not doing anything for me.  I need you to

do more law enforcement work.") are not discriminatory on their face.  As stated above, at no

point in the amended complaint does plaintiff accuse Major DeMarco of engaging in

discriminatory behavior that would create an inference of a discriminatory motive or intent.

Accordingly, plaintiff's claims for discriminatory treatment under the CHRL by Major DeMarco

should be dismissed.

Plaintiff's allegations against Captain Dibello also do not rise to the level of

discrimination under the CHRL.  First, plaintiff's allegations that Captain Dibello screamed at

and berated him on May 18, 2015 are not discriminatory acts.  By plaintiff's own allegations,

Captain Dibello's actions, assuming the allegations are true, were in response to plaintiff's

problems with his identification card and had nothing to do with plaintiff's alleged disability.

The CHRL, like other statutes, is not a guideline for civility, but rather requires actual tangible

discriminatory conduct to be actionable.  *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,

715 F.3d 102, 110 (2d Cir. 2013) (citing *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78 (1st

Dep't 2009).  Second, plaintiff's allegations that Captain Miglino told him that Captain Dibello

said "you came to us broken" (Compl. ¶ 92) is not actionable.  Even under the liberal

construction of the CHRL, this type of stray comment is insufficient to raise an inference of

discrimination.  *See Camarda v. City of New York*, 2015 WL 5458000, at *6 (E.D.N.Y. Sept. 16,

2015), *aff'd sub nom. Camarda v. Selover*, 673 F. App'x 26 (2d Cir. 2016).

Lastly, plaintiff's allegation that his partner was instructed by Captain Dibello to ensure that he "does all the work" and "does not slack" and to tell the Captain if plaintiff "failed to do his job" (Compl. ¶ 90) are not discriminatory by themselves.  Plaintiff fails to allege that Captain Dibello ever took any further action in regards to plaintiff's work performance, much less that he was treated differently.  Plaintiff's claim for discriminatory treatment by Captain Dibello should be dismissed.

Plaintiff's allegations of discrimination against Sergeant Ricciardi are also insufficient to plead a claim under the CHRL.  Plaintiff's allegations are limited to two incidents, neither of which are actionable.  Sergeant Ricciardi's alleged comment, "do you want me to call an ambulance to take you to testify in criminal court?" may not meet standards of politeness, but fails to rise to level of being discriminatory.  *See* Compl. ¶ 172.  Likewise, the allegation that Sergeant Ricciardi "barged into [plaintiff's] office" to tell him that his locker had been relocated is also non-discriminatory.  *See* Compl. ¶ 199.  The allegation that Sergeant Ricciardi wanted to know when plaintiff was returning to full duty does not evince a discriminatory intent or motive, indeed plaintiff does not even allege that Sergeant Ricciardi was responsible for the locker being moved, only that he informed him of it.  As stated before, the CHRL is not a civility code.  *See* *Mihalik*, 715 F.3d at 110.  Plaintiff's claims of discrimination against Sergeant Ricciardi should be dismissed.

### iv.    Plaintiff Fails to Plead a Retaliation Claim

A party asserting a retaliation claim under the CHRL must show that (1) he engaged in a protected activity known to the defendant; (2) the defendant took an action reasonably likely to deter a person from engaging in protected activity; and (3) there was a causal connection between the protected activity and the adverse action that raises an inference of retaliation.  *See*

*Vinokur v. Sovereign Bank*, 701 F. Supp. 2d 276, 295, n.8 (E.D.N.Y. 2010).  Plaintiff's allegations that the Officer Defendants retaliated against him appear to be limited to the following: (1) Major DeMarco denied his reasonable accommodation request after plaintiff went on leave in October 2015 (*see* Compl. ¶¶ 118-20); (2) Major DeMarco transferred plaintiff to Brooklyn Family Court shortly after plaintiff allegedly complained about prior discriminatory treatment to Cheryl Bullock in Human Resources (*see* ¶¶ 177-79); and (3) Captain Dibello directed plaintiff's partner to ensure that plaintiff "does all of the work" and "does not slack" after plaintiff returned to duty in May 2015 (*see* ¶¶ 89-90).  Plaintiff does not allege that Sergeant Ricciardi or Captain Miglino took any action against him in retaliation for taking medical leave or for exercising his rights, and accordingly plaintiff's claim for retaliation under the CHRL should be dismissed against them.[6]

Plaintiff's allegations are insufficient to sustain a cause of action for retaliation. Concerning plaintiff's allegations that Major DeMarco denied his request for a reasonable accommodation in retaliation for taking medical leave is conclusory (*see* Compl. ¶¶ 118-20); plaintiff provides no context or other supporting facts to demonstrate that the alleged decision was done with a retaliatory motive.  Concerning plaintiff's allegation that Major DeMarco transferred him shortly after he complained to Ms. Bullock (*see* Compl. ¶¶ 177-79) , plaintiff fails to demonstrate Major DeMarco was aware of plaintiff's, much less that the transfer would deter a person from making further complaints or engaging in other protected activities.  Indeed, based on plaintiff's allegations concerning Major DeMarco's comments that plaintiff was

---

[6] Although plaintiff alleges elsewhere in the amended complaint that the unspecified "defendants" retaliated against him at various times, he fails to provide specific allegations of conduct necessary to satisfy the requirement of personal involvement.  Blanket allegations that "defendants," without identifying who, engaged in unspecified discriminatory conduct are insufficient to sustain claims of discrimination.  As stated above, these allegations are insufficient under Rule 8.  *See Medina v. Bauer*, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004).

superfluous in his assignment in Manhattan, it appears that Major DeMarco's intent in transferring him was to ensure that he could continue on light duty, which plaintiff alleges that he sought on a repeated basis. Lastly, concerning plaintiff's allegation that Captain DiBello directed plaintiff's partner to make sure that plaintiff "does not slack" and does all the work are unavailing. Plaintiff fails to allege that Captain Dibello took any further action to enforce these comments or that his partner subjected him to scrutiny while the two of them worked together. Accordingly, plaintiff has failed to demonstrate how Captain Dibello's comments, without more, would deter a reasonable employee from exercising his rights. Plaintiff has failed to plead a plausible, non-conclusory allegation of retaliation and such claims should be dismissed.

## POINT II

### THE COURT SHOULD DECLINE TO EXERCISE JURISIDICTION OVER PLAINTIFF'S CHRL CLAIMS.

To the extent that the Court dismisses plaintiff's FMLA claim, but does not dismiss plaintiff's CHRL claim, the Court should decline to exercise jurisdiction over said claims. As demonstrated above, plaintiff's claims should be dismissed as against all of the individual Officer Defendants because he has failed to plead an adverse action to support an FMLA claim and he is not a member of a protected class, *i.e.* he is not disabled under the relevant statutes, and therefore cannot sustain a claim under the CHRL. In the alternative, if the Court chooses to dismiss plaintiff's federal FMLA claims, but not plaintiff's CHRL claims, the Court should decline to entertain the remaining claims on the basis that it lacks jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). 28 U.S.C. § 1367(c)(3) codifies the principle articulated in *Gibbs* that if the federal claim is defeated, the state law claims should be dismissed. Here, plaintiff has failed to

state a viable federal claim and thus his claims under the CHRL should be dismissed.

## CONCLUSION

For all of the foregoing reasons the Officer Defendants' motion to dismiss the amended

complaint should be granted.

Dated: New York, New York
        February 16, 2017

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
Attorney for Officer Defendants

By:_____/S/_____
MICHAEL SIUDZINSKI
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8552