**FISHER | TAUBENFELD LLP**

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
om

Writer's direct dial: (212) 384-0262
Writer's email: liane@fishertaubenfeld.com

APPLICATION GRANTED
SO ORDERED *[signature]*
VERNON S. BRODERICK
U.S.D.J. 3/21/2019

**VIA ECF**
Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:  Anthony Boncimino v. NYS Unified Court System, et al.
          Case No.: 17-cv-06760 (VSB)

Dear Judge Broderick:

        This firm represents Plaintiff Anthony Boncimino ("Plaintiff" or "Officer Boncimino") in the above-referenced matter and we write on behalf of all Parties to request a third 90-day extension of all deadlines in the Case Management Plan and Scheduling Order (the "Scheduling Order").  On October 4, 2018 and December 20, 2018 a joint letter was submitted to request that the Court extend all deadlines by 90-days, both of which requests Your Honor granted. The current deadlines to complete depositions and fact discovery are April 18, 2019 and May 1, 2019, respectively.  The Parties respectfully request that the Court extend the deadline for completion of depositions to July 17, 2019 and the deadline for the completion of fact discovery to July 30, 2019.  The reason for this request is:

    1) Despite *extraordinary* efforts and cost expended by undersigned counsel (described in detail below), Plaintiff's *electronic* discovery production is incomplete, prohibiting Defendants from completing Plaintiff's deposition;

    2) the Individual Defendants' depositions will be taken *after* Plaintiff's depositions;

    3) This Firm recently commenced a five-month arbitration involving more than 120,000 documents and the depositions of several witnesses, which are being taken simultaneously with the arbitration hearing, therefore I have had limited availability for depositions in this matter;

    4) The Parties had blocked approximately two weeks in mid-April for taking depositions, but I failed to realize (until last week) that for approximately 7 business days in this time period I am scheduled to be on vacation in Florida

Hon. Vernon S.Broderick
March 20, 2019
Page 2

with my children for their spring break. My plane tickets have already been
purchased for me.

5) The Parties have subpoenaed for deposition several third-party witnesses, and
anticipate subpoenaing additional non-parties, many of whom have limited
availability themselves.  Plaintiff has also served on Defendant Unified Court
System a 30(b)(6) deposition notice, for which a witness has yet to be identified
and deposed.

Accordingly, the Parties respectfully request a further 90-day extension of all deadlines in the
Scheduling Order.

## I.    Plaintiff's Electronic Discovery Production and the Party Depositions.

Plaintiff has not been able to provide Defendant with a comprehensive electronic
discovery production due to limitations with the various software applications we have used and
the immense amount of time it was taking to complete the task manually.  Plaintiff has
approximately 55,000 text messages on his current iPhone, which we have had to review for
relevance to this case.  We have spent an enormous number of hours trying to identify and produce
relevant text messages to Defendants.  We began our review by using iMazing, a software program
commonly relied-upon in litigation to extract text messages from Apple products.  We produced
approximately 4,314 pages of text messages to Defendants on February 19, 2019.

In the weeks following our production, Defendants identified in Plaintiff's text
threads several instances of empty bubbles which were believed to represent inadvertently missing
attachments and emojis.  Upon review, my firm determined that iMazing does not have the
capability of retrieving attachments and emojis from text threads.  To solve this problem, my firm
attempted to use another program, iExplorer, which appeared more promising at first, but
ultimately presented the same limitations as iMazing.  My firm then spent several days working
(almost exclusively) on manually screenshotting attachments and emojis for production.  We made
little headway given the large volume of text messages with attachments.  We also learned that
this manual methodology would not be effective because many attachments were not opening, but
rather continually returning the message "downloading".

Ultimately, we determined that it was necessary to hire an e-discovery vendor that
could extract all text messages, attachments and emojis from Plaintiff's current iPhone. Plaintiff
agreed to pay for the cost of this service himself.  On March 13, 2019, the e-discovery company
provided us with a spreadsheet of all 55,000 text messages extracted from Plaintiff's current
iPhone.  My firm is now reviewing for relevance the text messages and attachments and preparing
the materials for production as soon as possible. The Parties have scheduled Plaintiff's Deposition
for March 22nd, and Plaintiff has agreed to continue his deposition, given the timing of Plaintiff's
document production, Plaintiffs extensive allegations, and to account for the fact that there are five
defendants.  The Individual Defendants will be deposed thereafter.

Hon. Vernon S.Broderick
March 20, 2019
Page 3

### II.   Non-Party Depositions and Defendant UCS' 30(b)(6) Witness.

The Parties have subpoenaed several third parties and intend to subpoena additional nonparties for deposition. Some of the parties with whom we have spoken have limited availability.

Plaintiff has subpoenaed the following individuals for depositions and intends to subpoena additional third parties who will be soon identified: Court Clerk Barbara Cugini (scheduled to be deposed on March 20); Court Officers Michael Augello and Joseph Caruso (both of whom are scheduled to be deposed on April 9); Court Officer Jennifer Murrell (to be deposed on a date to be determined); and a 30(b)(6) witness to be designated by Defendant UCS (to be deposed on a date to be determined).

To date, the Individual Defendants have taken the depositions of Plaintiff's father and girlfriend[1] and have subpoenaed for deposition Plaintiff's current treating psychologist and neuro-psychiatrist, and intend to subpoena Plaintiff's former therapist.  Plaintiff has identified numerous witnesses in his discovery responses. Once Plaintiff's deposition is taken, Defendants anticipate subpoenaing several of those individuals.

Given that my Firm recently started a 5-month arbitration and several depositions in another matter, I have only been able to offer only limited availability for depositions in this case. The Parties had originally blocked their calendars for depositions on various dates including April 10th to April 18th.  I recently realized that I am not available from April 12th to the 18th, given that I will be on vacation with my three young children for their spring break. The Parties still intend to utilize the other dates that we blocked for depositions, however a 90-day extension is necessary given the large volume of documents and number of witnesses in this case.  Because I am also on trial in the Southern District in yet another matter starting on May 6th, a shorter extension would make it very difficult for me to timely complete depositions.

*                                      *                                      *

Accordingly, the Parties respectfully request a 90-day extension of all deadlines in the Scheduling Order.  We apologize for any inconvenience this extension may cause and thank the Court for its consideration of this request.

Respectfully submitted,

----------/s/------------------------
Liane Fisher (LF-5708)

---

[1] Plaintiff's father and girlfriend did not produce all documents responsive to subpoena before or during their respective depositions.  Accordingly, their depositions remain open.