UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BONCIMINO,

       Plaintiff,

 - against -

NEW YORK STATE UNIFIED COURT SYSTEM,
MAJOR MICHAEL DEMARCO in his individual
capacity, CAPTAIN JOSEPH DIBELLO in his
individual capacity, CAPTAIN ROBERT MIGLINO in
his individual capacity, and SERGEANT THOMAS
RICCIARDI in his individual capacity,

       Defendants.

17-CV-6760 (VSB)

**SETTLEMENT
AGREEMENT, GENERAL
RELEASE, AND ORDER
OF DISMISSAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _8/31/2021_

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL

("Settlement Agreement") is made by and between Plaintiff Anthony Boncimino ("Plaintiff") and

Defendants New York State Unified Court System ("UCS"), Major Michael DeMarco, Captain Joseph

DiBello, Captain Robert Miglino, and Sergeant Thomas Ricciardi (collectively, "Defendants") as

follows:

WHEREAS, Plaintiff commenced this action by filing a complaint on or about September 5, 2017

("the Complaint"), in the United States District Court for the Southern District of New York, Case

Number 17-CV-6760 (VSB), alleging claims against Defendants under the Rehabilitation Act of 1973,

the Family and Medical Leave Act of 1993, and the New York City Human Rights Law (the "Action");

and

WHEREAS, the claims and allegations in the Action, together with all related filings and

proceedings, constitute "the Action"; and

WHEREAS, Plaintiff filed workers' compensation claims before the New York State Workers' Compensation Board relating to injuries allegedly sustained in the course of his employment with UCS, with the only open claims bearing Case No. G0542744 and Case No. G1811834 ("WCB Claims"); and

WHEREAS, Plaintiff filed a disability benefits claim before the New York State & Local Retirement System based on his employment with UCS, delineated as Retirement Reg. No. 4236758-1 and Hearing Case ID No. 47028574 ("Disability Claim"); and

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendants desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability, except any claims and/or disputes expressly identified herein as outside the scope of this Settlement Agreement (including the WCB Claims and Disability Claim); and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiff and Defendants hereby stipulate and agree as follows:

**1.      Dismissal of the Action with Prejudice.**

The Action, and all claims asserted in it, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2.        **Payments to Plaintiff and Plaintiff's Attorney.**

In full consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein, including the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other liens/offsets as set for in Paragraphs 7 and 8, the State of New York, on behalf of Defendants, shall pay the gross sum of FOUR HUNDRED AND EIGHTY-THREE THOUSAND DOLLARS AND ZERO CENTS ($483,000.00) to Plaintiff/Plaintiff's attorneys as follows:

a.        The State of New York, on behalf of Defendants, shall pay to Plaintiff the sum of THREE-HUNDRED SEVEN THOUSAND TWO-HUNDRED SIXTY-EIGHT DOLLARS AND THIRTY-TWO CENTS ($307,268.32), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages, including but not limited to, pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages. The foregoing payment shall be made payable to Plaintiff Anthony Boncimino and mailed to Liane Fisher, Esq., at Fisher Taubenfeld LLP, 225 Broadway Suite, 1700, New York, New York 10007.

b.        The State of New York, on behalf of Defendants, shall pay the gross sum of ONE-HUNDRED SEVENTY-FIVE THOUSAND SEVEN-HUNDRED THIRTY-ONE DOLLARS AND SIXTY-EIGHT CENTS ($175,731.68), for which I.R.S. Forms 1099 shall be issued to each of Plaintiff and Plaintiff's attorneys in this amount, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff or Plaintiffs' attorneys for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions,

occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Fisher Taubenfeld LLP and mailed to 225 Broadway Suite, 1700, New York, New York 10007.

**3.      State Approval of Payments.**

The payments referenced in Paragraph 2 of this Settlement Agreement are conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

**4.      Accrual of Interest.**

In the event that the payments referenced in Paragraph 2 of this Settlement Agreement have not been made by the one hundred twentieth (120th) day after the receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of the Court, together with all other requested documentation required under Paragraphs 3 and 7 of this Settlement Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day after receipt of all required documentation by the Office of the Attorney General of all documentation required under Paragraphs 3 and 7 of this Settlement Agreement. In the event the Court does not "So Order" this Settlement Agreement, interest on any part of the amount specified in Paragraph 2 not paid by the one hundred twentieth (120th) day will run from the time the Office of the Attorney General receives the documents required under Paragraphs 3 and 7 of this Settlement Agreement.

5.    **Liability for Taxes.**

Any taxes, or interest or penalties on taxes attributable to Plaintiff or Plaintiff's attorneys, on the payments referenced in Paragraph 2 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, or his attorneys for fees paid to said attorneys. Plaintiff and his attorneys agree and acknowledge that they shall have no claim, right, or cause of action against Defendants and/or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties attributable to Plaintiff or Plaintiff's attorneys. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax attributable to Plaintiff or Plaintiff's attorneys.

6.    **Responsibility of Plaintiff for Liens and Setoffs.**

Plaintiff agrees that Defendants or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, shall not be responsible for the satisfaction of any liens, or the payment of setoffs, deductions, or recoupments of any kind, including any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation, or child support liens, including but not limited to any lien resulting from the WCB Claims or Disability Claim, that may attach to the payments referenced in Paragraph 2 and that Plaintiff shall have no claim, right, or cause of action on account of such liens or setoffs.

7.    **Medicare Certification.**

As a Medicare recipient, Plaintiff agrees to notify Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively, "Medicare") and obtain a Conditional Payment Letter and Final Demand Letter for medical treatment and/or prescription medication paid by Medicare relating to the injuries alleged in this Action. Plaintiff further acknowledges and understands that prior to payment of the settlement amount referenced in Paragraph 2, he must either (a) provide evidence that a Medicare Set-Aside Trust has been established for future anticipated medical costs, pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26, and that the Medicare Set-Aside Trust will be funded from the proceeds of this agreement; or (b) provide a physician certification that no future medical treatment is required for the injuries covered by the allegations in this action; or (c) provide written notice from a workers' compensation insurer and/or other non-Medicare entity responsible for paying for relevant future medical treatment which confirms Plaintiff's eligibility for payment and/or reimbursement by said entity relating to such future treatment, and confirms whether the insurer/entity intends to assert any lien against the settlement proceeds for past relevant treatment. Plaintiff agrees to pay any liens against the settlement, to the extent same exist, and whether asserted by a workers' compensation insurer or otherwise, utilizing his settlement proceeds. Plaintiff agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affidavit") to the Office of the Attorney General.  Plaintiff and Plaintiff's attorneys acknowledge that receipt of the fully executed Medicare Affidavit together with any required attachments is a prerequisite to payment of the settlement amount referenced in Paragraph 2 and falls within the category of "other documentation" and "required documentation" described in Paragraphs 3 and 4 of this Settlement Agreement.

8.      **Liability of Plaintiff for Any Medicare Payments or Medicare Liens.**

Plaintiff agrees to defend, indemnify, and hold harmless Defendants or the State of New York, or any of the State's offices, agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendants and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amounts specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

9.      **General Release in Favor of Defendants.**

For and in consideration of the payments referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Defendants and the State of New York, together with their offices, agencies, departments, divisions, as well as their present and former officers, employees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction,

occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement

Agreement, including: (a) any and all claims regarding or arising out of the acts, transactions, occurrence,

or omissions which are described, alleged, or contained in the Action, including without limitation the

Complaint and any amendments thereto; (b) any and all claims for attorneys' fees, costs, disbursements,

and all other expenses incurred by or on behalf of Plaintiff in connection with the Action, and any other

action or proceeding, whether judicial, administrative, or otherwise; (c) any and all claims of access to

courts, conspiracy, retaliation, or discrimination based upon disability, age, race, color, national origin,

ancestry, religion, marital status, sex, sexual harassment, sexual orientation, gender identity, citizenship,

military service, status, or medical condition, whether actual or perceived; and (d) any and all claims

under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders,

including but not limited to claims under 42 U.S.C. §§1981-1988, Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, the Americans

with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C.

§2601 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, the New York

City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, N.Y. Labor Law §§ 194, 740, and 741,

N.Y. Civil Service Law § 75-b, the United States Constitution, the New York State Constitution, and the

New York City Charter. Except for the rights and obligations set forth in this Settlement Agreement, this

release also includes a waiver and release of any and all claims related to allegations made before the

U.S. Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human

Rights, and/or the New York City Commission on Human Rights, as well as any and all claims against

the State of New York, its agencies, departments, and officials in the New York Court of Claims or any

other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or

occurrences up to and including the date of this Settlement Agreement. Plaintiff is not waiving or

releasing any nonwaivable statutory protections. Plaintiff is not waiving or releasing and claims that may

arise after Plaintiff executes this Settlement Agreement. Plaintiff is not waiving or releasing and claims under New York Military Law; any claims under New York Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiff's right to testify, assist, or participate in an investigation, hearing, or proceeding conducted by the EEOC. The terms of the general release contained within this paragraph shall not apply to the WCB Claims or the Disability Claim. This exception is now, and shall not be deemed to be, an admission or evidence that Plaintiff has a valid, viable, or plausible claim as it relates to either the WCB Claims or the Disability Claim, and shall not be used or introduced as evidence that Plaintiff has such a claim in any legal or administrative proceeding, hearing, deposition, trial, appeal, arbitration, or mediation arising out of the WCB Claims or the Disability Claim.

**10.    No Other Action or Proceeding Commenced.**

Other than the Action and Plaintiff's WCB Claims and Disability Claim, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on his own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

**11.    Waiver of Attorneys' Lien.**

The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

**12.    No Other Attorney.**

Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no

other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

**13.   No Prevailing Party.**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose, including any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**14.   Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**15.   Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**16.   Voluntary Agreement.**

Plaintiff represents that he has thoroughly discussed all aspects of this Settlement Agreement, including the General Release, with his counsel, and Plaintiff represents that he has carefully read and fully understands all of the provisions of this Settlement Agreement. Plaintiff represents that he executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that he has consulted with his attorneys before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

**17.   Negotiated Agreement.**

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement.  The language in all parts of this Settlement Agreement shall be in all cases

construed according to its fair meaning and not strictly for or against any party.

**18.    No Admission of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of Defendants, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of Defendants or the State of New York.

**19.    No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

**20.    Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current

agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**21.    Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

**22.    Severability.**

With the exception of Paragraphs 1, 3, 7, 9, 10, and 13 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**23.    Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

**24.    Submission to the Court.**

This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

**25.    Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**26.    Authority to Sign Agreement.**

The Parties and the signatories to this Agreement represent and warrant that the signatories executing this Agreement on behalf of each Party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated:        08 - 26 .      , 2021

Anthony Boncimino, *Plaintiff*

STATE OF NEW YORK

COUNTY OF      RiChmonD

On   Augusт   26ᵗʰ, 2021, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared ANTHONY BONCIMINO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument the individual, or the person upon behalf of which the individual acted, executed the instrument.



NOTARY PUBLIC

EMILY B DEVLIN
Notary Public - State of New York
NO. 01DE6161894
Qualified in Richmond County
My Commission Expires 02/26/26

FISHER TAUBENFELD LLP
*Attorneys for Plaintiff Anthony Boncimino*

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants Maj. DeMarco, Capt·
DiBello, Capt· Miglino, and Sgt. Ricciardi*

By:  _____
    Liane Fisher
    225 Broadway, Suite 1700
    New York, New York 10007
    (212) 571-0700
    liane@fishertaubenfeld.com

By:  _____
    Shawn Schatzle
    Assistant Attorney General
    28 Liberty Street, 17th Floor
    New York, New York 10005
    (212) 416-8621
    shawn.schatzle@ag.ny.gov

OFFICE OF COURT ADMINISTRATION
NYS UNIFIED COURT SYSTEM
*Attorneys for UCS*

By:  _____
    Lisa Evans
    Assistant Deputy Counsel
    25 Beaver Street
    New York, New York 10004
    (212) 428-2160
    lievans@nycourts.gov

SO ORDERED:

Vernon S. Broderick    8/31/2021
United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BONCIMINO,

               Plaintiff,

    - against -

NEW YORK STATE UNIFIED COURT SYSTEM,
MAJOR MICHAEL DEMARCO in his individual
capacity, CAPTAIN JOSEPH DIBELLO in his
individual capacity, CAPTAIN ROBERT MIGLINO in
his individual capacity, and SERGEANT THOMAS
RICCIARDI in his individual capacity,

               Defendants.

**PLAINTIFF'S AFFIDAVIT
REGARDING MEDICARE**

STATE OF NEW YORK    )
                   ) ss.:
COUNTY OF __Staten Island__  )

    ANTHONY BONCIMINO, being duly sworn, deposes and says:

1.    I am the plaintiff in the above-entitled action and I reside at ▓▓▓▓▓▓ _Staten Island_

New York _10309_ and my telephone number is ▓▓▓▓▓▓ .

2.    I am making this affidavit with full knowledge that the same will be relied upon by the State of

New York, its agents, employees and representatives ("OAG") in connection with settlement of this

action against Defendants New York State Unified Court System ("UCS"), Major Michael DeMarco,

Captain Joseph DiBello, Captain Robert Miglino, and Sergeant Thomas Ricciardi (collectively,

"Defendants"), specifically as it relates to the OAG's obligations as to Medicare compliance primarily

pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA")

and the Medicare Secondary Payer Act ("MSP"). I understand that a query will be or has been made to

verify my current Medicare eligibility status.

3.      I hereby acknowledge and understand that as mandated by the Centers for Medicare and

Medicaid Services ("CMS") and promulgated by and through its rules and regulations including but

not limited to the MMSEA or MSP, I am required to:

      a.      reimburse Medicare for *conditional payments* it has made from the settlement herein; or

      b.      utilize the settlement proceeds to pay for future medical expenses, when necessary.

4.      I further acknowledge that the information provided herein will be relied upon by Defendants

and OAG as true and accurate and, when applicable, will be used for reporting pursuant to the

MMSEA or as deemed necessary or required by the defendant and OAG.

5.      I hereby agree to promptly provide the OAG with any and all information necessary and

required for its reporting pursuant to MMSEA.

### PEDIGREE INFORMATION

6.      I have been known by (include all alias name(s), former name(s) maiden name(s)) the

following names:  ANTHONY BONCIMINO. I hereby acknowledge that I can be identified by

this/these name(s) and all these names are indeed referring to me.

7.      I consent to OAG verifying my current Medicare eligibility for purposes of its compliance with

MMSEA.  I affirm:

      a.      my social security number is ▮▮▮▮▮▮▮▮ ;
      b.      my date of birth is ▮▮▮▮ 1981 ; and
      c.      my gender is male.

### CURRENT MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable current Medicare eligibility status ✎*

8.      As of the date of this affidavit:

      a.      ✎_____      I am not currently eligible for Medicare coverage and/or benefits nor
                      have I ever received Medicare coverage and/or benefits;

### OR

      b.      ✎ *AB*      I am a Medicare beneficiary and my Medicare number [HIC #] is
              ▮▮▮▮▮▮▮▮ . I am aware of my obligation to reimburse Medicare, as

well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively hereinafter referred to as "Medicare") for payments or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this action; and

i.  _____ Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's Conditional Payment letter or Final Demand Letter)*; or

ii.  _____ Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)*. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

iii.  _AB___ I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to Assistant Attorney General Shawn Schatzle, as well as to OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter or Final Demand Letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

## FUTURE MEDICARE ELIGIBILITY
*✐ Initial and affirm applicable future Medicare eligibility status ✐*

9.  As of the date of this affidavit:

a.  _____ I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of the above-captioned litigation. I affirm that I:
   i.    have not applied for Social Security Disability Insurance (SSDI);
   ii.   have not been denied SSDI and anticipating appealing that decision;
   iii.  am not in the process of appealing or re-filing for SSDI;
   iv.   am not 62.5 years or older; and
   v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

**OR**

b.   _____   I am not current a Medicare beneficiary. However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation; and

    i.   _____   I do not require any future treatment for injuries that are the subject of this action. The required certification(s) for the injuries alleged in the complaint is attached. The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

    ii.   _____   I do require future treatment for the injuries that are the subject of this action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

    iii.   _____   I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

**OR**

c.   _AB_   I am currently a Medicare beneficiary and

    i.   _____   I do not require any future treatment for injuries that are the subject of this action. The required certification(s) for the injuries alleged in the *complaint* is attached. The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

    ii.   _____   I do require future treatment for the injuries that are the subject of this action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

    iii.   _AB_   I do require future treatment for the injuries that are the subject of this action. However, it is my understanding that any future medical bills I incur relating to this treatment and/or any related prescription medication should be covered by a workers' compensation insurer. I agree to obtain written confirmation from this insurer on this issue and on whether said entity intends to

assert a lien against this settlement for any past medical treatment, if I have not done so already, and upon receipt will provide it to Assistant Attorney General Shawn Schatzle, as well as to OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. If there are any valid liens asserted against the settlement, whether asserted by a workers' compensation insurer or otherwise, I agree to satisfy them utilizing the settlement proceeds.

iv.        _____        I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

ANTHONY BONCIMINO

Sworn to before me this
26th day of August, 2021.

NOTARY PUBLIC

EMILY B DEVLIN
Notary Public - State of New York
NO. 01DE6161894
Qualified in Richmond County
My Commission Expires 2/26/2023